FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 2 2 2014 ★

BROOKLYN OFFICE

LAW OFFICES OF
O'KEKE & ASSOCIATES, P.C.
801 Franklin Avenue.
Brooklyn, New York 11238
Tel.: (718) 855-9595
Attorneys for plaintiffs

----------------------------------x----------------------------

KORY BROWN

                 Plaintiff(s),

    ·against

THE CITY OF NEW YORK,
P.O. KEVIN AGRO (Shield # 8054)
P.O. OLIVER BALENA (Shield # 31185):
JOHN DOE AND "JANE DOE" 1- 10
inclusive, the names of the last
defendants being fictitious, the
true names of the defendants being
unknown to the plaintiff.

              Defendant(s).

----------------------------------x----------------------------

:UNITED STATES DISTRICT COURT
:EASTERN DISTRICT OF NEW YORK
: CV 14 -     3203
: CASE NO.:_____
:
: CIVIL ACTION
:
: **COMPLAINT**     COGAN, J.
:
:
:
: **PLAINTIFF DEMANDS**
: TRIAL BY JURY
:
:
:
:

        TAKE NOTICE, the Plaintiff, Kory Brown, hereby appears in this action by his attorney, The Law Offices of O'keke & Associates, P.C., and demands that all papers be served upon them, at the address below, in this matter.

        Plaintiffs, Kory Brown, by his attorney, The Law Offices of O'keke & Associates, P.C., complaining of the defendants, The City of New York, P.O. Kevin Agro (Shield # 8054), and P.O. Oliver Balena (Shield # 31185),"John Doe" AND "Jane Doe" 1-10, collectively referred to as the Defendants, upon information and belief alleges as follows:

## NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of

1

rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the State of New York].

## JURISDICTION

2.  The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourteenth Amendment to the Constitution of the United States.  Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

3.  All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

4.  As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the State of New York].

## JURISDICTION

2.  The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourteenth Amendment to the Constitution of the United States.  Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

3.  All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

4.  As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

2

## SATISFACTION OF THE PROCEDURAL PREREQUISITES FOR SUIT

5.   All conditions precedent to the filing of this action has been complied with.

6.   It has been less than three (3) years since the incident complained of herein

7.   This action, pursuant to applicable Federal and State Law, has been commenced within three (3) years after the happening of the event upon which the claim is based.

## PARTIES

8.   Plaintiff resides in Brooklyn, New York and is a resident of the State of New York.

9.   The actions which form the underlying basis for this case all took place in the County of Kings, within the jurisdiction of the Eastern District of New York.

10.  Defendants P.O. Kevin Agro (Shield # 8054), P.O. Oliver Balena(Shield # 31185), are police officers for the City of New York, whilst defendants "John Doe" and "Jane Doe" 1'through'10 are unknown police officers for the City of New York, acting under color of state law.  They are all being sued in both their individual and official capacity.

11.  The Defendant, City of New York is a municipality in the State of New York and employs the Defendants Police Officers.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

12.  On or about May 31, 2013, the plaintiff was on his legally owned and registered motor bike, when he was stopped by the defendant officers and accused of not wearing his helmet properly.

13. That as plaintiff was riding down Sutter Avenue, Brooklyn, New York, located within the County of Kings, he was stopped by the defendant officers, who accused the plaintiff of not wearing his helmet properly.

14. The plaintiff told defendant officers, that he did not understand what they were implying, as he had never been stopped for such offense before.  Further that plaintiff did not even know that such offense existed.

15. The defendant officers then asked the plaintiff for his identification and relevant paperwork for the motorbike, which the plaintiff immediately provided.

16. The defendants after what appeared to be running a check on the plaintiff's identification and paperwork now came back and told the plaintiff that they wanted to search plaintiff.

17. That plaintiff told the defendant officers that if he had committed a traffic infraction they should be given him a ticket and nit trying to search him.

18. That the defendant officers, immediately became belligerent, cursing and swearing at the plaintiff, telling the plaintiff and they decide what they are suppose to do and not him.

19. That plaintiff then told the defendant officers that he was not going to consent to an illegal search and that as soon as they were through with whatever they were doing he was going to call his lawyer and sue them.

20. That the defendant officers then told the plaintiff that he was under arrest.  When plaintiff asked them what he was being arrested for, the defendant officers said something along the lines of 'we'll figure it out by the time you get to the precinct'.

21. That the plaintiff complied with every and all instructions

given by the defendant officers, including putting his hands behind his back to be handcuffed and every other instruction and or order given at the time by the defendant officers.

22. That plaintiff was then transported to the 75th Precinct, where he was booked and placed in a holding cell.

23. That while in the holding cell plaintiff remained handcuffed at all times, whilst the defendant officers continued to taunt the plaintiff, calling him names and saying that if he was not trying to be a smart ass, by

24. That plaintiff told the defendant officers that they can say and or do whatever they want, but as soon as he got out he was going to sue them. As a result of plaintiff's statement and threat to sue, the defendant officers, entered the cell area, where the plaintiff was being held and assaulted the plaintiff.

25. That the attack on plaintiff was so violent and brazen, causing plaintiff to suffer a swollen eye, busted lips and lacerations to plaintiff's face and body.

26. That as a result of the beatings, plaintiff was in a daze and looked as if he was on the verge of passing out and was then rushed to the hospital.

27. That some other officers that were present in precinct and had witnessed the assault, immediately filed a report with the Internal Affairs Bureau (IAB) of the NYPD, who immediately responded.

28. That by the time the IAB arrived the assault on the plaintiff had stopped, and plaintiff was being treated in the hospital.

29. That IAB took pictures of the plaintiff and told him that they would investigate the matter.

30. The plaintiff was then transported to the Central Bookings

5

Division of the Criminal Court in Kings County. Where plaintiff was processed and brought before a judge of the criminal court.

31. That at plaintiff's arraignment, plaintiff was charged with assault on a police officer along with several other criminal charges and traffic infractions, all based on false statements provided by the defendant officers.

32. Plaintiff was released on his own recognizance and caused to return to court on at least nine more occasions, before the case was dismissed on April 30, 2014.

33. The decision to arrest the plaintiffs was objectively unreasonable under the circumstances.

34. That while plaintiff was being detained, the defendants individually and/or collectively completed arrest paperwork, in which they swore in part, that the plaintiff had committed a crime and/or offense.

35. The factual claim by the defendant officers were materially false and the defendant officers knew it to be materially false at the time they first made it, and every time thereafter when they repeated it.

36. That the defendant officers forwarded these false allegations to the Kings County District Attorney ("KCDA") in order to justify the arrests and to persuade the KCDA to commence the plaintiff's criminal prosecution.

37. That as a direct result of these false allegations by the defendant an officer, the plaintiff was criminally charged under Docket Number 2013KN041826.

38. The plaintiff remained in the detention of the defendants for a second day, before the plaintiff was brought before a judge of the criminal court. That after plaintiff appeared on several occasions with his retained criminal attorney on separate dates, and based upon a motion by plaintiff's

6

criminal attorney, all charges were dismissed and the plaintiff was released from the custody of the defendants.

39. At no time prior to or during the above events was there probable cause to arrest the plaintiff, nor was it reasonable for the defendants to believe that probable cause existed.

40. At no time did any defendant take any steps to intervene in, prevent, or otherwise limit the misconduct engaged in by the defendants against the plaintiff.

41. The defendant officers intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

42. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer injuries, including but not limited to emotional distress, nightmares, and unwarranted severe anger bouts some or all of which may be permanent.

43. The false arrest of plaintiff, plaintiff's wrongful imprisonment because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

44. As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

45. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the

7

constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

46. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

47. That the defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and over the NYPD

48. Defendant New York City had actual or constructive knowledge that there was inadequate supervision over and /or within the NYPD with respect to its members' abuse of their authority, abuse of arrest powers and other blatant violations of the United States Constitution and rules and regulations of the NYPD. Despite ample notice and/or knowledge of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put in place to ensure that NYPD members engaged in police conduct in a lawful and proper manner, inclusive of use of their authority as law enforcement officers with respect to the general public and specifically the plaintiff herein.

49. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic and institutional misuse and abuse of police authority by its NYPD employees and thereby deliberately and intentionally adopted, condoned and

otherwise created through deliberate inaction and negligent supervision and NYPD policy, practice and custom of utilizing illegal and impermissible searches, arrests and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond plaintiff's arrest.

50.  That all of the acts and omissions by the defendant officers described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

51.  The existence of the unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in a long history of civil actions in state and federal courts.

52.  In an Order dated November 25, 2009, in Colon v. City of New York, 09 CV 0008 (EDNY), the court held that:

> *Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration—through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department—there is some evidence of*

9

*an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.*

53. That on more than half of the occasions where the Civilian Complaint Review Board refers substantiated complaints against officers to the NYPD for disciplinary action, the NYPD either simply issues a verbal warning or drops the charges altogether.

54. That the defendant New York City has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk and the inadequate  level of supervision would lead to violation of individuals constitutional rights in general, and caused the violation of plaintiff's rights in particular.

55. The actions of all defendants, acting under color of State law, deprived plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

56. By these actions, defendants have deprived plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

57. This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

## AS A FIRST CAUSE OF ACTION: AGAINST EACH DEFENDANT OFFICER FALSE ARREST AND FALSE IMPRISONMENT UNDER 42 U.S.C § 1983

58. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 57 of this complaint as though fully set forth herein.

59. The arrest, detention and imprisonment of plaintiff was without just or probable cause and without any warrant or legal process directing or authorizing the plaintiff's arrest or subsequent detention.

60. As a result of plaintiff's false arrest and imprisonment, he has been caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who know them, was prevented from attending to their necessary affairs, and have been caused to incur legal expenses, and have been otherwise damaged in his character and reputation.

61. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

62. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.

63. This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

## AS A SECOND CAUSE OF ACTION: AGAINST EACH DEFENDANT OFFICER MALICIOUS PROSECUTION UNDER 42 U.S.C§ 1983

64. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through

63 of this complaint as though fully set forth herein.

65. The commencement and continued prosecution of the criminal judicial proceeding against plaintiffs, including the arrest, the imprisonment, and the charges against plaintiff was committed by or at the insistence of the defendant officers without probable cause or legal justification, and with malice.

66. That the defendant officers were directly involved in the initiation of criminal proceedings against the plaintiff.

67. That the defendant officers lacked probable cause to initiate criminal proceedings against the plaintiff.

68. That the defendant officers acted with malice in initiating criminal proceedings against the plaintiff.

69. That the defendant officers were directly involved in the continuation of criminal proceedings against the plaintiff.

70. That the defendant officers lacked probable cause in continuing criminal proceedings against the plaintiff.

71. That the defendant officers acted with malice in continuing criminal proceedings against the plaintiff.

72. That the defendant officers misrepresented and falsified evidence throughout all phases of the criminal proceeding.

73. That the defendant officers misrepresented and falsified evidence to the prosecutors in the Kings County District Attorney's office.

74. That the defendant officers withheld exculpatory evidence from the prosecutors in the Kings County District Attorney's office.

75. That the defendant officers did not make a complete statement of facts to the prosecutors in the Kings County District Attorney's office.

76. The criminal judicial proceeding initiated against plaintiffs was dismissed on January 15, 2012, and

terminated in the plaintiff's favor.

77. The arrest, imprisonment and prosecution of the plaintiffs were malicious and unlawful, because plaintiffs had committed no crime and there was no probable cause to believe that plaintiffs had committed any crimes.

78. The defendant officers actions were intentional, unwarranted and in violation of the law. The defendant officers had full knowledge that the charges made before the Court against the plaintiffs were false and untrue.

79. As a consequence of the malicious prosecution by the defendant officers, plaintiff suffered a significant loss of liberty, humiliation, mental anguish, depression, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against defendant officers, individually and severally.

80. In addition, the defendant officers conspired among themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

81. The defendant officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

13

82.   As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

## AS A THIRD CAUSE OF ACTION: AGAINST EACH DEFENDANT OFFICER: EXCESSIVE FORCE UNDER 42 U.S.C § 1983

83.   By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 82 of this complaint as though fully set forth herein.

84.   The level of force employed by one or more of the defendant officers was objectively unreasonable and in violation of the plaintiff's constitutional rights.

85.   As a result of the aforementioned conduct of the defendant officers, the plaintiffs were subjected to excessive force, resulting in serious and severe physical injuries.

86.   As a consequence of the defendant officers' individual and/or collective actions as set forth above, the plaintiff suffered serious personal injuries, and his constitutional rights were violated. Plaintiffs hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against the defendant officers, individually and severally.

## AS A FOURTH CAUSE OF ACTION: AGAINST EACH DEFENDANT OFFICER: UNLAWFUL SEARCH UNDER 42 U.S.C § 1983

87.   By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 86 of this complaint as though fully set forth herein.

88.   Following the plaintiff's arrest, the defendant officers searched and/or strip-searched and/or caused the plaintiff

14

and/or his property to be searched and/or strip-searched, without any individualized reasonable suspicion that he was concealing weapons or contraband.

89. As a result of the foregoing, the plaintiff was subjected to an illegal and improper search and/or strip-search.

90. The foregoing unlawful search violated the plaintiff's constitutional right to privacy, as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

91. As a consequence of the defendant officers' individual and/or collective actions as set forth above, the plaintiff suffered a significant loss of liberty, humiliation, mental anguish, depression, and his constitutional rights were violated. Plaintiffs hereby demands compensatory damages and punitive damages in an amount to be determined at trial, against the defendant officers, individually and severally.

**AS A FIFTH CAUSE OF ACTION: AGAINST EACH DEFENDANT OFFICER:**
**FAILURE TO INTERVENE UNDER 42 U.S.C § 1983**

92. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 91 of this complaint as though fully set forth herein.

93. Each defendant officer had an affirmative duty to intervene on the plaintiff's behalf to prevent the violation to his constitutional rights, as more fully set forth above.

94. Each defendant officer failed to intervene on the plaintiff's behalf to prevent the violation of his constitutional rights, despite having had a realistic and reasonable opportunity to do so. As a consequence of the defendant officers individual and/or collective actions,

the plaintiff suffered loss of liberty, humiliation, mental anguish, depression, loss of wages from work, serious personal injuries, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in an amount to be determined at trial, against the defendant officers, individually and severally.

## AS A SIXTH CAUSE OF ACTION: AGAINST EACH DEFENDANT OFFICER: DENIAL OF A CONSTITUTIONAL RIGHT TO A FAIR TRIAL UNDER 42 U.S.C § 1983 DUE TO THE FABRICATION/FALSIFICATION OF EVIDENCE

95. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 94 of this complaint as though fully set forth herein.

96. Each defendant officer created false evidence against the plaintiff.

97. Each defendant officer forwarded false evidence and false information to the prosecutors in the Kings County District Attorney's office.

98. Each defendant officer was directly involved in the initiation of criminal proceedings against the plaintiffs.

99. Each defendant officer lacked probable cause to initiate criminal proceedings against the plaintiff.

100. Each defendant officer acted with malice in initiating criminal proceedings against the plaintiff.

101. Each defendant officer was directly involved in the continuation of criminal proceedings against the plaintiffs.

102. Each defendant officer lacked probable cause in continuing criminal proceedings against the plaintiffs.

103. Each defendant officer acted with malice in continuing criminal proceedings against the plaintiff.

104. Each defendant officer misrepresented and falsified

evidence throughout all phases of the criminal proceeding.

105. Each defendant officer misrepresented and falsified evidence to the prosecutors in the Kings County District Attorney's office.

106. Each defendant officer withheld exculpatory evidence from the prosecutors in the Kings County District Attorney's office.

107. Each defendant officer did not make a complete statement of facts to the prosecutors in the Kings County District Attorney's office.

108. By creating false evidence against the plaintiffs; forwarding false evidence and information to the prosecutors; and by providing false and misleading testimony throughout the criminal proceedings, each defendant officer violated the plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

109. As a consequence of the defendant officers' actions, the plaintiffs suffered loss of liberty, humiliation, mental anguish, depression, loss of wages from work, and his constitutional rights were violated. Plaintiffs hereby demands compensatory damages and punitive damages in an amount to be determined at trial, against each defendant officer, individually and severally.

### AS A SEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS: ASSAULT AND BATTERY

110. Plaintiff repeats and realleges paragraphs 1 through 109 as if each paragraph is repeated verbatim herein.

111. At the time of the plaintiff's arrest by the defendant officers, the plaintiff did not challenge nor resist the

17

defendants, nor engage in any threatening behavior towards the defendants.

112. However, as set forth above, the defendant officers assaulted the plaintiff, battered the plaintiff, and subjected the plaintiff to excessive force and summary punishment.

113. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers' acts as described above.

114. Consequently, the plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against the defendants, individually and severally.

115. This action, upon information and belief, falls within one or more of the exceptions of CPLR 1602.

**AS A EIGHTH CAUSE OF ACTION AGAINST ALL DEFENDANTS: NEGLIGENCE**

116. Plaintiff repeats and realleges paragraphs 1 through 115 as if each paragraph is repeated verbatim herein.

117. As a direct and proximate result of the negligent acts and/or omissions of the defendants as set forth herein, the plaintiffs suffered physical injury, conscious pain and suffering, medical expenses, and mental anguish.

118. That by reason of the said negligence, the plaintiff suffered and still suffers bodily injuries, became sick, sore, lame and disabled and has remained sick, sore, lame and disabled since the aforesaid incident; has suffered great pain, agony and mental anguish and is informed and verily believes that he will continue to suffer for a long time to come and that said injuries are permanent; has suffered economic loss inasmuch as he was forced to, and is

still forced to expend sums of money on medical treatment; that he was deprived of his pursuits and interests and verily believes that in the future he will continue to be deprived of such pursuits; and that said injuries are permanent. The defendant officers were at all material times acting within the scope of their employment, and as such, the City defendant is vicariously liable for the defendant officers acts as described above.

119. This cause of action, upon information and belief, falls within one or more of the exceptions of CPLR 1602.

**WHEREFORE,** plaintiff respectfully requests judgment against the Defendants as follows:

1. For compensatory damages against all defendants in an amount to be proven at trial;

2. For exemplary and punitive damages against all defendants in an amount to be proven at trial;

3. For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

4. For such other and further relief as the court deems proper.

Dated: May 21, 2014,
       Brooklyn, New York

                    O'keke & Associates, P.C.

                    Patrick O'keke, Esq. (PO-2861)
                    O'keke& Associates, PC.
                    Attorney for Plaintiff
                    801 Franklin Avenue
                    Brooklyn, New York 11238
                    Tel. (718) 855-9595